

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00403-CR

**LEMYEL ODELL PRICE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,923

## MEMORANDUM OPINION

Lemyel Odell Price, Jr. pled guilty to the offense of burglary of a habitation and was placed on deferred adjudication community supervision. TEX. PENAL CODE ANN. § 30.02 (West 2011). Two years later, Price was adjudicated guilty and sentenced to eight years in prison.

Price's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Price was informed of his right to submit a brief or other response on his own behalf and how to obtain a copy of

the appellate record. Price did not submit a brief or response. Counsel asserts in the *Anders* brief that after diligently and carefully examining the record and after diligently researching relevant case law and statutes, he has found that no non-frivolous issues exist.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813S.W.2d at 511.

Despite concluding that the appeal is frivolous, counsel presented the issue that the trial court erred in assessing transport fees against Price because they were for transport pursuant to a bench warrant and that such fees are not part of statutory court costs defendants must pay whether indigent or not. *See* TEX. CODE CRIM. PROC. ANN. art. 102.001(b) (West 2006) (listing only certain fees for services of peace officers to be paid by a defendant). The State concedes error. Notwithstanding it is otherwise presented as an *Anders* brief and, moreover, we have performed the remainder of the normal due process requirements, both substantive and procedural, in *Anders* cases, we

will consider this as a brief on the merits specifically as it relates to the issue of the appeal of erroneously assessed costs in criminal cases. *See Hines v. State*, Nos. 10-13-00286-CR &10-13-00292-CR, 2014 Tex. App. LEXIS 5768, *4 (Tex. App.—Waco May 29, 2014, no pet.) (not designated for publication).

The trial court erred in assessing transport fees for the bench warrant against Price because the fee was not authorized by the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.001(b) (West 2006). Accordingly, we modify the trial court's judgment to delete the inclusion of $163.17 as transport fees owed by Price in the judgment. Costs as modified will be $314.00.

As modified, we affirm the trial court's judgment and dismiss counsel's motion to withdraw as moot. *See id.* *4 n. 2.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as modified
Opinion delivered and filed September 18, 2014
Do not publish
[CR25]

